IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JADE FREEMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| STATE FARM MUTUAL AUTOMOBILE | § | |
| INSURANCE COMPANY; STATE FARM | § | |
| MUTUAL AUTOMOBILE INSURANCE | § | CIVIL ACTION NO. H-18-4408 |
| COMPANY d/b/a STATE FARM; | § | |
| STATE FARM; PROGRESSIVE | § | |
| SOUTHEASTERN INSURANCE COMPANY | § | |
| d/b/a PROGRESSIVE CLAIMS; and | § | |
| PROGRESSIVE PALOVERDE INSURANCE | § | |
| COMPANY d/b/a PROGRESSIVE | § | |
| DIRECT AUTO, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER OF REMAND**

Plaintiff, Jade Freeman, originally filed this action on February 21, 2018, in the 55th Judicial District Court of Harris County, Texas (Civil Action No. 2018-11391), against State Farm Mutual Automobile Insurance Company, State Farm Mutual Automobile Insurance Company d/b/a State Farm, and State Farm (collectively, "State Farm").[1] On October 9, 2018, the plaintiff filed her First Amended Petition in the state court action adding

---

[1] See Plaintiff's Original Petition and Requests for Disclosure, Exhibit A to Defendants Progressive Southeastern Insurance Company d/b/a Progressive Claims and Progressive Paloverde Insurance Company d/b/a Progressive Direct Auto's Notice of and Petition for Removal ("Progressive's Removal Petition"), Docket Entry No. 1-1.

Progressive Southeastern Insurance Company d/b/a Progressive Claims and Progressive Paloverde Insurance Company d/b/a Progressive Direct Auto (collectively, "Progressive") as additional defendants.² Plaintiff's claims arise from an insurance coverage dispute following a hit-and-run automobile collision. Plaintiff brought claims against both State Farm and Progressive seeking damages for breach of contract and for both defendants' alleged violations of the Texas Insurance Code and the Texas Deceptive Trade Practices Act. On November 20, 2018, Progressive filed its Removal Petition (Docket Entry No. 1).

Pending before the court are Plaintiff's Motion to Remand (Docket Entry No. 3); Defendants Progressive Southeastern Insurance Company d/b/a Progressive Claims and Progressive Paloverde Insurance Company d/b/a Progressive Direct Auto's Response to Plaintiff's Motion to Remand ("Progressive's Response") (Docket Entry No. 9); and Plaintiff's Reply to Defendant, Progressive Southeastern Insurance Company's Response to Plaintiff's Motion to Remand ("Plaintiff's Reply") (Docket Entry No. 10). For the reasons stated below, the court concludes that this action should be remanded to state court.

I. **Standard of Review and Applicable Law**

"A party may remove an action from state court to federal court if the action is one over which the federal court possesses

---

²See Plaintiff's First Amended Petition, Exhibit B to Progressive's Removal Petition, Docket Entry No. 1-2, p. 2.

-2-

subject matter jurisdiction." Manguno v. Prudential Property and Casualty Insurance Co., 276 F.3d 720, 723 (5th Cir. 2002) (citing 28 U.S.C. § 1441(a)). "The party seeking to assert federal jurisdiction, in this case [Progressive], has the burden of proving by a preponderance of the evidence that subject matter jurisdiction exists." New Orleans & Gulf Coast Railway Co. v. Barrois, 533 F.3d 321, 327 (5th Cir. 2008).

Notice of removal "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . ." 28 U.S.C. 1446(b); Getty Oil Corp., a Division of Texaco, Inc. v. Insurance Company of North America, 841 F.2d 1254, 1263 (5th Cir. 1988). When removal is based on diversity jurisdiction, as in this case, all defendants that have been properly joined and served must consent to removal by timely filing a written indication of consent within the thirty days prior to the expiration of the removal period. 28 U.S.C. § 1446(b)(2); Getty Oil, 841 F.2d at 1263. Each defendant must formally file its own manifestation of consent -- out-of-court agreements between the defendants are not sufficient. See Getty Oil, 841 F.2d at 1262 n.11. The failure of all defendants to join in the removal petition within the statutory removal period renders the petition for removal procedurally defective. Doe v. Kerwood, 969 F.2d 165, 169 (5th Cir. 1992). If the plaintiff timely seeks remand in light of one or more of the defendants' failures to file written consent to removal, the court should remand the case to state court. Id.

A motion for remand based on a defect in removal procedure is timely as long as it is filed within 30 days after the filing of the defendant's notice of removal. See 28 U.S.C. § 1447(c).

## II. Analysis

Plaintiff argues that remand is appropriate because State Farm failed to timely file a written consent to removal with the court. Progressive responds that it obtained State Farm's consent in an e-mail before the deadline passed.

Progressive was served with Plaintiff's First Amended Petition in the state court action on October 24, 2018, making November 23, 2018, the deadline both for Progressive to file its Notice of Removal and for State Farm to consent to removal.[3] Progressive filed a timely notice of removal on November 20, 2018.[4] State Farm filed a consent to removal on December 26, 2018, well after the November 23 deadline.[5] Progressive argues that an e-mail exchange between counsel for Progressive and State Farm before the expiration of the 30-day removal period is a sufficient manifestation of State Farm's consent to removal. The e-mail, sent by State Farm's counsel to Progressive's counsel on November 7,

---

[3]See Progressive's Removal Petition, Docket Entry No. 1, p. 2; Citations and Affidavits of Service, Exhibit C to Progressive's Removal Petition, Docket Entry No. 1-3, pp. 2-5.

[4]See id.

[5]See Consent to Removal, Docket Entry No. 11.

2018, states: "We are not opposed to the removal."[6] The internal e-mail, however, does not comply with 28 U.S.C. § 1446(b). See Getty Oil, 841 F.2d at 1262 n.11 (requiring that each defendant individually consent to removal with "some <u>timely filed</u> written indication . . . that [the defendant] has actually consented to [removal]" (emphasis added)). Because Progressive and State Farm failed to formally file notice of State Farm's consent to Progressive's Removal Petition by the November 23, 2018, deadline, Progressive's Removal Petition was procedurally defective.

### III. Conclusion and Order of Remand

For the reasons stated above, the court concludes that removal of this action to federal court was procedurally defective because Progressive failed to timely file State Farm's formal consent with the court in accordance with the Fifth Circuit's interpretation of § 1446(b). Accordingly, Plaintiff's Motion to Remand (Docket Entry No. 3) is **GRANTED**. This action is **REMANDED** to the 55th Judicial District Court of Harris County, Texas. The Clerk will provide a copy of this Memorandum Opinion and Order of Remand to the District Clerk of Harris County, Texas.

**SIGNED** at Houston, Texas, on this 11th day of January, 2019.

SIM LAKE
UNITED STATES DISTRICT JUDGE

---

[6]See E-mail sent by Yanet M. Benitez to Anne-Marie Abarado [November 7, 2018 4:46 PM], Exhibit E to Progressive's Response, Docket Entry No. 9-5.